UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-2540-AMS

UNITED STATES OF AMERICA

v.

SHANE LARTHER, et al.,

        Defendants,
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

By: _____
       YVONNE RODRIGUEZ-SCHACK
       Assistant United States Attorney
       Florida Bar No. 794686
       99 N.E. 4th Street
       Miami, Florida, 33132
       305.961.9014
       305.536.7213 Facsimile

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Shane Larther, Wayne Markman,<br>Andy Williams, and Roman Jones,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 14-2540-AMS<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **April 23, 2014** in the county of **Miami-Dade** in the **Southern** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with the intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503; all in violation of 46 U.S.C. § 70506(b). Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(G), it is further alleged that this violation involved 100 kilograms or more of a mixture and a substance containing a detectable amount of marijuana. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Walter Ortiz, Special Agent, Coast Guard Inv Services
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/2/14

*Judge's signature*

Andrea M. Simonton, U.S. Magistrate Judge
*Printed name and title*

City and state: Miami, Florida

## AFFIDAVIT

I, Walter Ortiz Jr, being duly sworn, herby depose and state the following:

1. I am a Special Agent with the United States Coast Guard Investigative Service (CGIS), United States Department of Homeland Security, and have been so employed since May 2010. Prior to then, I was an active duty United States Coast Guard member since August 1997. I am presently assigned to Miami, Florida where I am responsible for conducting criminal investigations for crimes relating to the maritime realm and Coast Guard missions, including narcotics and human smuggling on the high seas. I graduated from Criminal Investigations Program (CITP) and Special Agent Basic Training (SABT) at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA in April 2010.

2. During my tenure as a special agent, I have conducted numerous narcotics investigations. I have also conducted numerous criminal investigations in fraud, sexual assault and environmental pollution. My experience as a special agent includes, but is not limited to, conducting physical surveillance, interview witnesses, writing affidavits for and executing search warrants, and issuance of administrative and federal grand jury subpoenas. As a Special Agent with CGIS, I have participated in various investigations involving physical surveillance and electronic surveillance.

3. As a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, I am empowered by law in Titles 18 and 48 of the United States Code.

4. The information contained in this affidavit is being submitted for the sole purpose of establishing probable cause to arrest Shane LARTHER, Wayne MARKMAN, Andy WILLIAMS and Roman JONES, for violations of Title 46, United States Code, Sections 70503(a)(1) and 70506(b), that is, conspiracy to possess with intent to distribute 100

kilograms or more of marijuana while onboard a vessel subject to the jurisdiction of the United States. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on observations and test derived from other law enforcement officers involved in this investigation.

5. On or about April 23, 2014 while on routine patrol in international waters, approximately 31 nautical miles southwest of Cape Gravios, Haiti, the United States Coast Guard Cutter (USCGC) *DEPENDABLE* spotted a 30 foot "go-fast" vessel, later identified as JAH BLESS, PT121 Jamaican Flag, being powered by two outboard engines heading northbound at a high rate of speed towards Haiti. The *DEPENDABLE* launched an Over the Horizon (OTH) boat to pursue the go-fast vessel. Soon after, the go-fast vessel stopped willingly approximately 31 nautical miles southwest of Cape Gravious, Haiti. On board were four male subjects, Shane LARTHER, Wayne MARKMAN, Andy WILLIAMS and Roman JONES. LARTHER claimed to be the master of the vessel. LARTHER further claimed Jamaican registry for the vessel. Based on the verbal claim by the master, the United States contacted Jamaican authorities and requested that they confirm or deny the vessel's registry.

6. Jamaican officials were not able to confirm nor deny that the go-fast vessel, JAH BLESS, PT121, was registered in Jamaica, thus, the vessel was ultimately assimilated to a stateless vessel. During a boarding and search of the vessel, USCG personnel located forty-eight (48) bales weighing approximately 933 kilograms and multiple fuel barrels on

board. A field test of the bales indicated positive results for the presence of Tetrahydrocannabinol (THC) consistent with marijuana.

7. Shane LARTHER, Wayne MARKMAN, Andy WILLIAMS and Roman JONES were thereafter transferred on board the USCGC *DEPENDABLE.*

8. On May 02, 2014, Shane LARTHER, Wayne MARKMAN, Andy WILLIAMS and Roman JONES were brought into the United States Coast Guard Base in Miami Beach, Florida where they first entered the United States.

9. Based on the foregoing facts, I submit that probable cause exists to believe that the defendants, Shane LARTHER, Wayne MARKMAN, Andy WILLIAMS and Roman JONES, did conspire to possess with the intent to distribute 100 kilograms or more ~~of~~ of marijuana while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER AFFIANT SAYETH NAUGHT**

WALTER ORTIZ, JR.
Special Agent
Coast Guard Investigative Service

Subscribed and sworn to before me this 2nd day of May 2014.

ANDREA M. SIMONTON
United States Magistrate Judge