UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20350-CR-GAYLES

UNITED STATES OF AMERICA,

vs.

ROMAN JONES,

Defendant.
_____/

## PLEA AGREEMENT

The United States of America and ROMAN JONES (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to the lesser included offense in Count 1 of the Indictment which charges the defendant with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of marihuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1); all in violation of Title 46, United States Code Section 70506(b) and Title 21, United States Code, Section 960(b)(3).

2.     The United States agrees to seek dismissal of Count 2 of the Indictment, as to this defendant, after sentencing.

3.     The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing

Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The defendant also understands and acknowledges that the Court may impose a statutory maximum term of up to twenty (20) years' imprisonment. A term of supervised release may also be imposed. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $1,000,000.

5.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four (4) of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time or sentencing.

6.     The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.     Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     The United States agrees that it will recommend at sentencing that the Court reduce by three (3) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility.   However, the United States will not be required to make this sentencing recommendation if the defendant:

(a)     fails or refuses to make a full, accurate and complete disclosure to the probation office and this Office of the circumstances surrounding the relevant offense conduct;

(b)     is found to have misrepresented facts to the government prior to entering this plea agreement; or

(c)     commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

8.     The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any

trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c)  if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

      9.    This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.   The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

      10.    The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government.   In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce

the defendant's sentence because of the defendant's cooperation.

11.   The United States and the defendant further agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a)    Quantity of narcotics: That the quantity of controlled substance involved in the offense and for which the defendant will be held accountable for pursuant to Section 2D1.1 of the Sentencing Guidelines is at least seven hundred (700) kilograms, but less than one thousand (1,000) kilograms of marijuana;

(b)    Role adjustment:   That while the United States does not agree to a downward role adjustment, the defendant reserves the right to argue for a two (2) level downward role adjustment pursuant to Section 3B1.2(b) of the Sentencing Guidelines; and

(c)    Adjustments, Departures or Variances: That the defendant should not receive any other upward or downward adjustment, departure or variance other than those contained in this agreement. The United States, however, agrees it will not oppose the defendant's request for a two (2) level downward variance based on the Attorney General of the United States proposed changes to the Sentencing Guidelines' Drug Quantity Table.   In exchange, the defendant agrees it will not seek any further adjustments, departures or variances.

12.     The defendant is aware that the sentence has not yet been determined by the Court.   The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further

that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation jointly made by both the defendant and the government.

13.     The defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense of conviction, a violation of 46 U.S.C. § 70506(b), and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 46 U.S.C. § 70507(a) and the procedures set forth in Title 21, United States Code Section 853.

14.     The defendant also agrees that the defendant shall assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim

deeds and any and all other documents necessary to deliver good and marketable title to said property. Defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

15.   The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).   However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.   The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

16.     Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offenses to which

defendant is pleading guilty. Indeed, because defendant is pleading guilty to conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of marihuana, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70506(b), removal is presumptively mandatory. Defendant knowingly and voluntarily consents to removal from the United States following completion of his sentence, waives any rights relating to any and all forms of relief from removal or exclusion, agrees to abandon any pending applications for such relief, and agrees to cooperate with the Department of Homeland Security during removal proceedings.

17. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 15 Aug 2014       By: _____
                            YVONNE RODRIGUEZ-SCHACK
                            ASSISTANT UNITED STATES ATTORNEY

Date: 8-15-14           By: _____
                            ROMAN JONES
                            DEFENDANT

Date: 8-15-14           By: _____
                            FRANK RUBIO
                            ATTORNEY FOR DEFENDANT